SCHOOL SUPERINTENDENT SALARY SCHEDULE
The salary of county superintendents is computed by adding to the appropriate county funds a state supplement together totaling the state minimum salary for a school superintendent in the school district. The state supplement should not be computed as including one-tenth of the annual increment for each of the two summer months. The Attorney General has considered your request for an opinion on the following question: "Should the two summer months of a county superintendent's salary be calculated on 1/10 of the minimum state salary schedule for the degree they hold, or should it be calculated on 1/10 of the minimum state salary schedule for the degree they hold, plus increments for each of the two extra months?" Your letter states that the inquiry arose after issuance of Attorney General's Opinion No. 74-205 concerning payment of two extra months salary for vocational agriculture teachers. In that opinion the statute applicable to salaries of vocational agriculture teachers provided: "For each additional month employed, the additional salary shall be calculated on the basis of one-tenth (1/10) of the base salary as prescribed by the school district for a teacher of like qualifications employed on a ten-month basis." Opinion 74-205 concluded that under the particular statutory language applicable to vocational education teachers who teach an additional two months in the summer such teachers are entitled to receive the same monthly salary for such additional months as is received during the school year for performing regular teaching duties. We find no statute applicable to the salary of county superintendents similar to that applicable to the salaries of vocational education teachers. Under 19 O.S. 180.61 [19-180.61] (1971), county superintendents are made " Group B" county officers and are initially entitled to compensation as prescribed in succeeding sections. Under 70 O.S. 4-103 [70-4-103] (1971), provision is made for a state supplement of the salaries of county superintendents as follows: "Notwithstanding any provisions hereinabove contained to the contrary, the State Board of Education is hereby authorized to apportion, from any appropriation provided for the purposes of this article, an amount equal to the difference between (1) the amount necessary to provide for the county superintendent of schools in each county in the state a salary computed on the basis of the minimum salary of teachers serving as superintendents of schools in school districts, and (2) an amount equal to the salary paid to such county superintendent of schools from county funds of the county of which he, or she, is county superintendent of schools. . ." Under the above statutes, the county superintendent's total compensation is equal to the minimum salary of superintendents of schools in school districts. Teachers serving as superintendents of schools are entitled to a minimum salary under 70 O.S. 18-114 [70-18-114] (1974), which provides as follows: "No teacher having a Bachelors Degree, shall be paid less than Six Thousand Seven Hundred Dollars ($6,700.00) per year; no teacher having a Masters Degree, shall be paid less than Seven Thousand One Hundred Dollars ($7,100.00) per year; and no teacher, having a Doctors Degree, shall be paid less than Seven Thousand Five Hundred Dollars ($7,500.00) per year for the school year 1974-1975, and thereafter. . .provided that in addition to the minimum salary provided herein, every teacher shall receive a minimum of One Hundred Dollars ($100.00) per year increments for at least each of the first fifteen (15) years taught in any school approved by the State Board of Education. . ." Turning to the particular question of your inquiry, it is apparent that the statute does not expressly provide the method for computation of superintendents' salary for extra months. There is no statutory language as was true of vocational education teachers considered in Opinion 74-205 specifically providing for such computation. In resolving the ambiguity, the following rule of statutory construction stated in 82 C.J.S. Statutes, 359 is of assistance: "In determining the proper construction of an ambiguous statute, the contemporaneous construction placed on it by the officers or departments charged with the duty of executing it is to be considered and given weight, especially if such construction had been made by the highest officers in the Executive Department of the government, if such construction has been uniform and consistent, and has been observed and acted on for a long period of time. . ." We are advised that the administration construction of the salary supplement to which county superintendents are entitled has consistently and uniformly been that extra months of pay would not include one-tenth of the annual increment for each extra month. Following the rule of statutory construction above, therefore, we would conclude that the ambiguity should be resolved in favor of the administrative construction. This conclusion is consistent with the general rule found in 67 C.J.S. Officers, 93: "Statutes relating to the compensation of public officers must be strictly construed in favor of the government, and an officer is entitled only to that which is clearly given." It is, therefore, the opinion of the Attorney General that your question be answered as follows: The salary of county superintendents is computed by adding to the appropriate county funds a state supplement together totaling the state minimum salary for a school superintendent in the school district. The state supplement should not be computed as including one-tenth of the annual increment for each of the two summer months. (Joe C. Lockhart)